```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                    )
THOMAS "T.J." CIARAMETARO,          )
                                    )
                 Plaintiff,         )
                                    )
            v.                      )   CIVIL ACTION
                                    )   NO. 21-10606-WGY
SEFATIA ROMEO THEKEN, individually  )
and as Mayor of Gloucester, CHARLES )
"CHIP" PAYSON, individually and as  )
Gloucester's City Solicitor; JAMES  )
DESTINO, individually and as        )
Gloucester's Chief Administrative   )
Officer; HOLLY DOUGWILLO,           )
individually and as Gloucester's    )
Human Resources Director; and the   )
CITY OF GLOUCESTER,                 )
                                    )
                 Defendants.        )
                                    )
_____
```

YOUNG, D.J.                                         August 11, 2022

### ORDER

Thomas "T.J." Ciarametaro ("Ciarametaro") filed a complaint in state court against Charles "Chip" Payson ("Payson"), James Destino ("Destino"), Holly Dougwillo ("Dougwillo") (collectively, the "City Officers"), the City of Gloucester (the "City"), and Sefatia Romeo Theken ("Theken") (collectively, the "Defendants") for intentional infliction of emotional distress (count I), violation of the First Amendment pursuant to 42 U.S.C. § 1983 (count II), and violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I (count III).

See Notice Removal, Ex. A, First Am. Compl. ¶¶ 71-90, ECF No. 1-1.  The City and City Officers removed the action to this Court.  See Notice Removal, ECF No. 1.

The Defendants filed two motions for summary judgment on all counts: (1) one on behalf of the City and City Officers; and (2) the other by Theken.  See Mot. Defs. City, Payson, Destino & Dougwillo Summ. J., ECF No. 36; Def. Theken's Mot. Summ. J., ECF No. 39.  At a hearing held on July 27, 2022, this Court **ALLOWED** the City and City Officers' motion for summary judgment as to counts I and III with respect to the City only; it took the remainder of the motions under advisement.  Electronic Clerk's Notes, ECF No. 58.  Both motions for summary judgment are hereby **ALLOWED** as to all counts in favor of the Defendants.

**As to the City**, Ciarametaro's claims fail for the following reasons: (1) with regard to Count I, the City retains immunity for intentional torts under the Massachusetts Tort Claims Act, see Mass. Gen. Laws Ann. ch. 258, § 10(c); (2) as for Count II, Ciarametaro did not adduce any evidence of a policy, practice, or custom, as required by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); and (3) with respect to Count III, the City is not a proper defendant because "a municipality is not a 'person' within the terms of the [Massachusetts Civil Rights Act] and, as such, cannot be sued

under the statute," see Carroll v. City of Quincy, 441 F. Supp. 2d 215, 226 (D. Mass. 2006) (Gorton, J.).

**As to the City Officers and Theken in their official capacities**: (1) with regard to Count I, municipal officers in their official capacities retain immunity from suit under the Massachusetts Tort Claims Act, see Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 596 (2001); (2) as for Count II, municipal officers in their official capacities are not suable under 42 U.S.C. § 1983 if the municipality is not suable in its own name, see Monell, 436 U.S. at 691 n.55; Saldana-Sanchez v. Lopez-Gerena, 256 F.3d 1, 4 (1st Cir. 2001); and (3) with respect to Count III, claims against municipal officers in their official capacities under the Massachusetts Civil Rights Act fail as they are equivalent to "claim[s] against the city," see Fletcher v. Szostkiewicz, 190 F. Supp. 2d 217, 230 (D. Mass. 2002) (Neiman, M.J.).

**As to the City Officers and Theken in their personal capacities**: (1) with regard to Count I, the claim fails on the merits, as Ciarametaro has not raised a genuine dispute of material fact regarding the existence of "extreme and outrageous" conduct or severe emotional distress "of such a nature that no reasonable person could be expected to endure it," see Quinn v. Walsh, 49 Mass. App. Ct. 696, 706 (2000) (quotations omitted); (2) as for Count II, the Defendants are

[3]

[4]

entitled to qualified immunity, as it is not "clearly established" that Ciarametaro's speech enjoyed First Amendment protection, see Mullenix v. Luna, 577 U.S. 7, 11-12 (2015); Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968); and (3) with respect to Count III, the Defendants are entitled to qualified immunity for failure to violate a "clearly established" right, see Nuon v. City of Lowell, 768 F. Supp. 2d 323, 333 (D. Mass. 2011) (Sorokin, J.).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE